*In re* ESTATE OF THOMAS QUINN.

NOVEMBER 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an appeal from a decree of the superior court entered on May 12, 1937 modifying three previous decrees entered in that court on July 28, 1934, March 20, 1935 and February 1, 1937. This modifying decree authorizes and empowers the trustees under the will of Thomas Quinn to pay to five of his children named as beneficiaries under clause (a) of the eleventh paragraph thereof the amounts set opposite their names as follows: Mary H. Butler, $2000; Charles Quinn, $2000; Joseph Quinn, $2000; Genevieve Norato, $1950 and Katherine M. Kenney, $1750. The trustees were also authorized and empowered by said decree to set up these payments on their books of account and also the payments made under the decrees of July 28, 1934 and March 20, 1935 as payments out of income and not to charge them against the shares of said children in the principal of the estate.

Thomas Quinn died August 27, 1922, leaving seven

children, to each of whom he bequeathed $10,000. He also set up certain trusts as follows: Five special trusts, one for each of the five children of the testator above named; three special trusts for three grandchildren and a special trust of all of the residue of his estate. We are now concerned with the last-mentioned trust only. That trust provided as follows: "(a) From the net income of said trust estate, to pay over the sum of Fifteen ($15) Dollars per week, beginning as of the date of my death, to each of my five (5) children, Charles, Genevieve, Katherine, Joseph and Mary, during the entire term of this trust, and to accumulate any excess of income not required for the payment of said sums of Fifteen ($15) Dollars per week. Provided, that if, in any year during the term of this trust, the net income shall be insufficient to pay said several sums of Fifteen ($15) Dollars per week, then I direct my trustees to make up any deficit thereof from any accumulated income of said trust fund, whenever, during the term of said trust, earned or accumulated, to the end that said five (5) children shall receive, during the entire term of said trust, the full amount of Fifteen ($15) Dollars per week each.

"If any of my said five (5) children shall decease before the termination of this trust, leaving issue, I direct my trustees to pay over to such issue, or to expend for their use and benefit during the balance of the term of this trust, the share in the net income of said trust estate to which the parent of such issue would be entitled if living. Provided that if any of my said children should decease during the term of this trust without leaving issue surviving at the time of their decease, I direct that the share in the income of such child so dying shall be accumulated by my trustees, and, subject to use for the making up of any deficit, as hereinbefore provided, shall be held and disposed of as other accumulated income as hereinafter provided."

It was also provided by this trust that at the expiration of ten years after testator's decease the trustees should pay to all of testator's then-living children and to the living issue of any deceased child the amount of income accumulated over and above what was needed to make the above-mentioned weekly payments of $15. By a further express provision of the trust the trustees were authorized, in their discretion, to accumulate any excess of income not so needed, to provide a fund to guarantee the $15 weekly payments against the possible future happening of any deficit in such trust income.

Under the provisions of this trust the above-named children were paid $15 a week up to July 27, 1932. No other payments have been made since that date, except that from May 24, 1935 to January 15, 1936 the sum of $630 was paid to each of the above-named beneficiaries and that prior thereto on July 28, 1934 the sum of $250 was paid to each of said five children except Genevieve Norato, who received $300. The trustees were not able to accumulate, in accordance with such power, any reserve from income to guarantee the weekly payments of $15 and, as a matter of fact, the income had for some time proved insufficient to meet such payments. Consequently, the trustees discontinued them.

However, on April 2, 1936, the trustees apprised the court that they had received the sum of $20,000 in settlement of a suit which they had brought against former trustees for mismanagement of the estate and thereupon they filed a petition in the superior court for instructions as to their authority to make said weekly payments of $15 out of this sum. In their petition they stated that the sum of $20,000 had come into their hands in settlement of a claim; that there was a question whether it was principal or income; that since July 27, 1932 no payments had been made to the above-named beneficiaries of $15 a week, except the sums paid from principal on July 28,

1934 and from May 24, 1935 to January 15, 1936, as there was no income from the trust fund available and sufficient for such payments; and that they therefore recommended that from this sum of $20,000 in their hands $10,000 be considered as income and used to make a cash payment of $2000 to each of the five beneficiaries entitled to such weekly payments of $15.

A decree dated January 16, 1937 was entered in the superior court on February 1, 1937 reciting that the aforesaid sum of $20,000 was probably part income and part principal and directing the trustees to pay the above-named five children each the sum of $2000, the said trustees, however, "to deduct from said Two Thousand ($2,000.00) Dollars the amount that the recipient heir is indebted to the estate". Certain appeals were taken from this decree but were later withdrawn and the decree stands unappealed from. However, after the decree had been entered on February 1, 1937, the trustees apprised the superior court that certain of the above-named children were in dire need for necessities and that the direction to the trustees in that decree to charge against the $2000 payment which each of these five children was to receive, the debt which was owed by any of them to the estate would work a hardship on at least two of the children who would, as a result of the trustees' compliance with such direction, not receive a dollar.

After hearing on this petition, the superior court entered its decree of May 12, 1937 modifying its former decree of February 1, 1937 and incorporating therein two paragraphs expressly modifying two earlier decrees entered respectively on July 28, 1934 and March 20, 1935. These paragraphs are numbered 1 and 2 in that decree and read as follows:

"1.    That the decree heretofore entered in said cause on the 28th day of July, A. D. 1934 wherein said heirs received Two Hundred Fifty ($250.00) Dollars each, with

the exception of Genevieve Norato, who received Three Hundred ($300.00) Dollars, which decree among other things recited

'The above sum so paid by said trustees to the respective beneficiaries under said Will of Thomas Quinn is to be charged against the share each is to ultimately receive from said estate'

is hereby modified by striking out said clause in said decree and the same is amended in this, by adding thereto

'The sum so paid by said trustees to the respective beneficiaries under said Will of Thomas Quinn is hereby determined to be a payment from the income of said estate and that the recipient heirs received the same as an income payment and the same is not in any manner chargeable against them by said trustees'.

2. That the decree heretofore entered in said cause on the 20th day of March, A. D. 1935 wherein under paragraph 2 thereof the said beneficiaries received the sum of Six Hundred Thirty ($630.00) Dollars which at that time was designated as a payment from principal, and that under paragraph 4 of said decree the recital

'The trustees are authorized to deduct from money due the heirs as per Ward, Fisher & Company's report such sums as have been paid to said heirs in excess of the amounts due them from the General Trust Fund'

it is hereby decreed that the paragraph 2 of said decree be modified in this, that the said amount paid to said heirs thereunder, namely; Six Hundred Thirty ($630.00) Dollars, be and the same hereby is designated and determined as a payment of income and that said trustees are authorized and empowered to so consider the same and that said heirs shall not be chargeable by said trustees in any manner whatsoever in said amount of Six Hundred Thirty ($630.00) Dollars; and that said decree of March 20, A. D. 1935 be modified by striking therefrom paragraph 4 thereof."

From this modifying decree the respondent Walter Quinn, one of the seven children of the testator Thomas Quinn interested in the *corpus* of the trust fund, duly filed his claim of appeal in the superior court and has prosecuted his appeal to this court. He contends that the superior court was without power to modify in any way the decrees entered on July 28, 1934 and March 20, 1935. He also contends that the decree entered February 1, 1937 is correct as it was originally entered and is in accordance with the terms of the two previous decrees. Those decrees, he argues, definitely and finally determined that the above-described sums of money, which these five beneficiaries had received from funds in the hands of the trustees that was not income under the residuary trust, were to be charged against their respective shares of the principal.

As we understand the respondent, he contends further that $10,000 of the $20,000 received by the trustees in settlement of the trust estate's claim has been declared to be income by the superior court and that the balance must be construed to be principal. He argues that the terms of the decrees of July 28, 1934 and March 20, 1935 should stand without any modification. But he also argues that the payments authorized to be made by the decree of February 1, 1937 to the five children should be in accordance with the terms of that decree, notwithstanding that the trustees are therein directed to deduct from the payment of $2000 to each child the amount that each is indebted to the estate. These contentions are, in our opinion, inconsistent. That inconsistency will appear from our discussion of each contention.

Fundamentally the respondent's contentions raise two questions: 1. Did the superior court have the power to modify the decrees of July 28, 1934 and March 20, 1935, in May 1937, more than one year after those decrees had been entered in that court? 2. Did the superior court also have the power at that time to modify the terms of its decree of

February 1, 1937 by striking therefrom the words "to deduct from said Two Thousand ($2000.00) Dollars the amount that the recipient heir is indebted to the estate?"

In answer to the first question, we are of the opinion that the superior court did not have such power. No appeal having been taken from either of those decrees, it lost control of them in these proceedings after six months had elapsed from the entry of such decrees. By the entry of those decrees, the superior court definitely decided that the trustees were obligated to and should charge on their books of account against each child's ultimate share of the estate any debt owing from them to the estate. This was tantamount to directing the trustees to treat the payments which had been made to the children out of the principal of the trust funds as an advancement to them out of their share of the principal. But it is not clear that it was intended to operate also in the same manner against any income coming into the hands of the trustees out of which weekly payments could be made. On the contrary, we think it is reasonable to construe the language of the decrees to mean that such charge or deduction was to be made only against each child's share of principal at the time such share became ultimately payable. Under this construction the above-mentioned payments of $630 and $250 made by the trustees to the children are debts which said children owe to the estate and which must be deducted ultimately from their share of the principal of the trust estate but not from any income out of which their weekly payments of $15 are authorized to be made by the will.

The decree of the superior court of February 1, 1937 declares that $10,000 of the $20,000 which the trustees received is income and there is no objection made to that finding by the respondent Walter Quinn; consequently, there can be no objection to the trustees using such income to make the payments specified in that decree, because such payments will then be made out of income and not out of the principal of the estate.

There is, however, objection by respondent to the remainder of that sum being considered anything but principal. He contends that, in effect, the decree of February 1, 1937 so declares. On the basis of the record made before the trial justice, we are forced to the conclusion that this must be so. Either we must construe the decree to mean that the trial justice declined to find that more than $10,000 was income and the remainder, therefore, was principal or else the decree as a whole must fall, as there is no testimony upon which it can be predicated but only a more or less tacit consent of the parties developed after argument of counsel and colloquies between them and the trial justice at the hearing. For this reason we recognize the decree as a determination that the remaining $10,000 is principal. As such it must be conserved and not used to make any payments to the five children of $15 weekly, as directed in the special trust under the will. The language of the will creating that trust is clear and requires no construction. Weekly payments of $15 to the five children therein named are expressly stated to be made from income or from the accumulation of income. They can not be made from principal. Therefore, when the time comes to pay over to said children their shares of the estate, such payments which have been made to them by the decrees of July 28, 1934 and March 20, 1935 must be treated as advancements and deducted from their shares of the principal of the estate. In other words, the trustees must conform to the directions contained in the provisions of those decrees, which provisions the superior court erroneously eliminated in its modifying decree of May 12, 1937.

This brings us to the second question, whether the superior court had the power to modify its decree of February 1, 1937 by striking therefrom the words "to deduct from said Two Thousand ($2000.00) Dollars the amount that the recipient heir is indebted to the estate." We are of the opinion that it not only had that power but that it should

modify its decree to that extent, as in its present form it goes beyond the direction of the earlier decrees, inasmuch as it instructs the trustees to deduct from the $2000 each beneficiary is to receive out of income the amount that each is indebted to the estate. The decree should, in conformity with the prior decrees, instruct the trustees to pay each of the children the sum ordered to be paid to him or her by paragraph five of the decree of May 12, 1937 as income without any present deduction.

In view of the foregoing, it was error for the superior court to enter its decree of May 12, 1937, and therefore the appeal of the respondent Walter Quinn is sustained and the decree appealed from is reversed in part and sustained in part as above indicated. The parties may, on December 9, 1938, present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Ralph M. Greenlaw, Thomas J. Flynn, Edwin J. Tetlow,* for Mary H. Butler, Charles A. Quinn, Genevieve Norato.

*McGovern & Slattery,* for Walter Quinn.

*P. Henry Quinn, Ernst T. Voigt,* for various parties.