ESTATE OF THOMAS QUINN.

APRIL 4, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This equity cause is before this court on the appeals of certain beneficiaries of trusts under the will, as compromised, of one Thomas Quinn from the entry, on May 17, 1939, of two decrees in the superior court.   None of the beneficiaries have pressed the appeal from the decree allowing an account of the trustees now administering such trusts. The only appeal now pressed is by one of the beneficiaries, who is a party to both appeals, from the entry of the other decree allowing fees to said trustees.

It appears from the record that the fees in question were allowed after a hearing in which the trustees testified and were examined by attorneys representing the beneficiaries of the trusts set up by said will.   The fees asked for by the trustees, and allowed by the superior court, were to compensate such trustees for services rendered by them in that capacity during the period between May 1, 1937 and April 30, 1939.

The appellant, in support of her appeal, contends in substance that the fees should not have been allowed to the trustees for a period for which they had rendered no account; that, if allowable, such fees should be paid out of the income

only and not out of the *corpus* of the trust estate; and that the amount of the fees awarded was unreasonably large.

Upon consideration, we are of the opinion that the appellant's contentions are not tenable, in view of the facts and circumstances appearing herein. Very possibly in the ordinary case fees will not be allowed to trustees for services rendered during a period for which they have made no accounting. However, this result is not reached because of any established rule of law compelling such a holding. Sound discretion is vested in the court passing upon the question, and each case must rest upon its own particular facts.

In the instant cause no claim or showing is made by the appellant that the trustees failed to keep proper accounts or refused to keep or file them, but merely that such an account had not been rendered for the period in question when compensation was asked for. It has been held that failure to file an account is not fatal to a claim for compensation, particularly if there is an excuse for such conduct, and pending litigation has been accepted as a sufficient legal excuse. *Pierce* v. *Dahlgren,* 300 Fed. 268. There has been recent litigation involving the trust estate now before us. See *In re Quinn's estate,* 62 R. I. 27, 2 A. 2d, 626. In our judgment, therefore, there was no abuse of discretion on the part of the justice of the superior court when he allowed compensation to the trustees under the circumstances.

In regard to the source from which the compensation should be paid, this court, in *Sheffield* v. *Cooke,* 39 R. I. 217, stated in substance that a trustees' compensation is generally paid out of income, up to the time the trust is terminated, in order to preserve intact the *corpus* of the trust estate, but that there are exceptions to such a course of procedure. At page 238 the court said: "There is, therefore, no hard and fast rule which prevents trustees' compensation being charged to principal if the circumstances so warrant, and in this case, as in all cases of trust estates, the matter

is more or less in the discretion of the court." See also 117 A. L. R. 1154; 2 Scott on Trusts, 1267-1274.

The appellant argues that the provisions of the will under which these trusts are created require that the compensation of the trustees be paid only from income. We do not so construe the language used in the will. The testator undoubtedly intended that such compensation should be paid from income in the first instance. But where, as here, the income is insufficient, we are of the opinion that the justice of the superior court had the right, in his discretion, to order the payment of part of the compensation from the principal, and was justified in so doing under the unusual circumstances of the instant cause. His ruling on this point was without error.

The remaining question is as to the reasonableness of the compensation allowed the trustees. In our opinion it is ample, in view of the size and condition of the trust estate at this time, but we cannot say that, under all the circumstances, it is unreasonably large. It was fixed by a justice of the superior court who was entirely familiar with the various problems of the trust estate, different phases of which had been before him for rulings during the past several years. Such fixing rested in the exercise of his sound discretion, and the appellant has not sustained the burden of showing that he abused that discretion.

From the record it clearly appears that certain of the beneficiaries of the trust estate are hostile to each other, are extremely litigious and faultfinding, and instead of cooperating with the trustees are antagonistic to them. The beneficiaries apparently desire at every opportunity to rehearse certain unfortunate matters connected with the administration of the trust estate in the past by other trustees, which matters are now closed and cannot well be reopened. We recognize the justifiable disappointment of the beneficiaries over the serious losses heretofore suffered by the trust es-

tate, by reason of occurrences which we do not condone, and we readily understand their feelings at this time; but their attitude and conduct toward the present trustees have greatly increased the latters' work and have made more difficult the handling of an estate already complicated by many problems. For such increased work the trustees are entitled to be reasonably compensated.

Said appeals are denied and dismissed, the decrees appealed from are affirmed and the cause is remanded to the superior court for further proceedings.

*Charles R. Haslam,* for Mary H. Butler.

*Ernst T. Voigt, Horace G. Bissell, John M. Booth,* Trustees.